1819.

Trippe
vs
Frazier.

acknowledged and recorded, of itself, as to creditors and subsequent purchasers, defeated the first conveyance.

The execution of the bill of sale, its acknowledgment and recording, vests in the party the same interest he would have obtained if the possession had accompanied the transfer of the right.

The court are, therefore, of opinion, that if the bill of sale, in the bill of exceptions mentioned, was *bona fide* executed, that the possession of the property contained in it, by the vendor, of itself, under the act of 1729, *ch.* 8, will not render it fraudulent and void.

MARTIN, J. dissented.

JUDGMENT REVERSED.

---

JUNE, (E. S.)       TRIPPE vs. FRAZIER, *et ux. et al.*

A S by her will dated in 1806 directed certain of her real estate to be sold by her executor, and out of the proceeds certain legacies to be paid; and among others, a legacy to one of the children of R H, which child died before the making of the will: and a legacy to a female charity school in *T* county, if there should be such an institution founded on good principle, otherwise to be distributed among the real distressed private poor of *T* county. There was no incorporated school in *T* county of the above description. The proceeds of the real estate sold exceeded the amount of the legacies bequeathed——Decreed, that the legacy left to the real distressed private poor of *T* county, shall be considered void for uncertainty, and the impracticability of correctly ascertaining the objects of the bequest. That the legacy to one of the children of R H, (the said child having died before the testatrix,) shall

APPEAL from a decree of *Talbot* County Court as a Court of Equity. *Ann Stevenson,* a married woman, being authorised by a marriage contract to make a will, did by her will, dated the 8th of October 1806, direct certain real estate to be sold by her executor, and out of the proceeds certain legacies to be paid. She died soon afterwards, and her husband survived her several years, and possessed the property, having a life estate therein reserved to him under the marriage contract. After his death, the executor sold the property, as directed by the will, on the 11th of June 1814, and the proceeds exceeded the amount of the legacies. The complainants, (now appellees,) as the heirs at law of the testatrix, filed their bill against the executor, (the appellant,) claiming their shares or portions of the residuum, after the payment of the legacies. The defendant by his answer admitted the receipt of $8343 35, including the amount of the sales of the property devised to be sold, for house rent, and a debt due to the testatrix; that after deducting payments and disbursements amounting to $4815 76, there remained in his hands a balance due the estate of $3527 59. That the pecuniary legacies bequeathed amounted to $4390, all of which, that is, the principal without interest, he had paid to the persons entitled, with a very few exceptions, and that he was ready to pay the whole, &c. unless two of the said pecuniary legacies were void, and should not be paid at all; the one a legacy given one of the children of *R. Harrison,* who died before the making of the will, and the other a legacy given to a female charity school in *Talbot* county, if there should be such an institution founded on good prin-

be considered as a lapsed legacy, and shall sink into the residuum of the estate for the benefit of the heirs at law of the testatrix. That the residuum of the estate remaining in the hands of the executor shall result as real estate to the heirs at law of the testatrix. That the legatees in the will are not entitled to interest on their legacies except from the day on which the executor sold the real estate.

1819.

Trippe
vs
Frazier

ciple, otherwise to be distributed among the real distressed private poor of *Talbot* county, there being no incorporated school in *Talbot* county of the above description. The answer further stated, that he had declined to pay interest on any of the legacies, not knowing whether the legatees were entitled to interest before the lapse of one year from the date of the letters testamentary of the defendant. He claimed an allowance for commission, expenses, &c. The facts stated in the bill and answer being admitted by both parties, and the questions of law arising upon them being alone submitted to the consideration of the county court, that Court, [*Earle,* Ch. J. and *Purnell,* A. J.] after argument on both sides—*Decreed,* that the legacy left by the testatrix, to the real distressed private poor of *Talbot* county, should be considered void for uncertainty, and the impracticability of correctly ascertaining the objects of the bequest. That the legacies to one of the three children of *R Harrison,* (the said child having died before the testatrix,) should be considered as lapsed legacies, and should sink into the residuum of the estate for the benefit of the heirs at law of the testatrix. That the residuum of the estate remaining in the hands of the defendant, should result as real estate to the heirs at law of the testatrix, the same residuum being a part of the net proceeds of the sale of a house and lot in the city of *Baltimore,* which the testatrix directed to be sold, in and by her will. That the complainants were the heirs at law of the testatrix, and as such entitled to such shares or portion of the residuum as were claimed by them in their bill of complaint; and that the defendant, after making all proper deductions and allowance for commissions, payments of debts, funeral charges and legacies, made and to be made, and costs and expenses incurred, and to be incurred, and other reasonable disbursements on his part, all of which were to be ascertained by the auditor of this court, should pay to the complainants their respective shares of the residuum then remaining in his hands, as executor and trustee of the testatrix, with interest thereon from the date of the decree; and that the legatees in the will of the testatrix were not entitled to interest on their legacies, except from and after the 11th of June 1814, that being the day on which the defendant sold the real estate of the testatrix. The defendant was, therefore, ordered not to pay interest on any of the legacies, except from and after the day of sale of the real estate. From that decree the defendant appealed to this court.

The cause was argued before CHASE, Ch. J. and JOHNSON, MARTIN, and DORSEY, J.

*Bullitt,* for the Appellant. The question is, whether the legatees are entitled to interest on the legacies from the time of the death of the testatrix, or from the time the real estate was sold? He referred to *Maxwell vs. Wettenhall,*

1819.

Pratt
vs
Ayler

2 *P. Wms.* 26. *Lloyd vs. Williams,* 2 *Atk.* 108. *Atkins vs. Daubeny,* 1 *Eq. Ca. Ab.* 45. 2 *Fonbl.* 430.

*Goldsborough,* for the Appellees, referred to 2 *Fonbl.* 188, 431. *Crickett vs. Dolby,* 3 *Ves.* 10 to 13.

DECREE AFFIRMED.

---

JUNE, (E. S.)

### HALE's Adm'r. vs. HOWE's Ex'r.

*The county court has jurisdiction in cases where an executor or administrator is defendant, and the debt or demand does not exceed 30 dollars, and such cases are not cognizable before a justice of the peace.*

APPEAL from *Dorchester* County Court. This was an action of debt for $30, and by a case stated it was admitted that the intestate of the defendant, (now appellant,) in his life-time, was indebted to the testator of the plaintiff, (the appellee,) in his life-time, in the sum of $30, as stated in the declaration, and not more, and that the same was unpaid, and that for the recovery of that sum this suit is brought. It was further agreed, that if the court should be of opinion that the county court had jurisdiction, judgment was to be entered for the plaintiff for the above sum, and costs; but if on the contrary the court should be of opinion that the county court had not jurisdiction, but that the same was properly cognizable before a justice of the peace, then judgment of *non pross* was to be rendered in favour of the defendant, for costs. The county court gave judgment for the plaintiff, and the defendant appealed to this court.

The cause was argued before CHASE, Ch. J. and EARLE, JOHNSON, and DORSEY, J. by

*Lecompte,* for the Appellant, and by

*J. Bayly,* for the Appellee. He insisted that neither a plaintiff nor a defendant, being an executor or administrator, could sustain a warrant, or be warranted before a justice of the peace, and referred to the act of 1791, *ch.* 68. *Wells vs. Newkirk,* 1 *Johns. Cas.* 228; and 3 *Hall's L. J.* 113.

JUDGMENT AFFIRMED.

---

JUNE, (E. S.)

### PRATT VS. AYLER.

*In an action of assault and battery, the declarations of the defendant of his criminal intentions against the plaintiff, are proper evidence to aggravate the damages sustained by the plaintiff, and as such ought to be considered by the jury.*

APPEAL from *Queen-Anne's* County Court. Assault and battery by the appellee against the appellant. *Non cul* and *son assault demesne* were pleaded. The plaintiff gave in evidence at the trial, that on the 24th of December 1816, on his way to *Centreville,* he met the defendant on the pub-