# COURT OF APPEALS

### OF

# MARYLAND.

COURT OF APPEALS, JUNE TERM, 1823.     1823.

JUNE.

### DASHIELL, *et al. vs.* THE ATTORNEY GENERAL.

Where a testator, by his will directs the trustees and guardians of his child to pay over annually a certain portion of the income of his estate to the trustees of *Hillsborough* school, to be by them "applied towards feeding, clothing, and educating the poor children of *Caroline* county, which attends the poor or charity school established at *Hillsborough*, in the said county"—*Held,* that the bequest was void for uncer ainty as to the persons who were to take under it The poor children of a county, or congregation or school, are not susceptible of ascertainment The interposition of trustees does not make a bequest good, which as an immediate and direct bequest would be void for uncertainty

APPEAL from a decree *pro formâ* of *Baltimore* county court, sitting as a court of equity, on an information filed in the name of the Attorney General, at and by the relation of *The Trustees of Hillsborough School in Caroline county,* on behalf of themselves, and the poor children in *Caroline* county who attend the charity school of which they are trustees, against the appellants, to enforce the execution of a trust in the will of *James Corrie (a).* The will is dated the 12th of March 1805, and the clause under which the relators claim is as follows: "All the necessary expenses attending my daughter, and the expenses of a woman to attend her until she attains the age of eighteen years, shall be paid out of the income of my estate, received by my trustees from my executors, and the residue of the income, after deducting my daughter *Mary,* and her servant's expenses, shall be appropriated, until she attains the above age of eighteen years, as follows: It shall be equally divided, one half to be applied towards feed-

*(a)* See the case of *Dashiell, et al. vs. The Attorney General, ante* vol. 5, 392.

The poor children of *Caroline* county, who attend the *Hillsborough* school, are not a body corporate, and cannot take in succession; and the bequest, if otherwise good, must fall as soon as the first objects of the testator's benefience ceased to attend the school

The benefit of the undisposed subject of the trust results to the next of kin to the testator

1823.

Dashieli
vs
Attorney General

ing, clothing and educating, the poor children belonging to the congregation of *Saint Peter's* Protestant Episcopal Church in the city of *Baltimore;* the other half to be applied towards feeding, clothing and educating, the poor children of *Caroline* county, in the state of *Maryland,* which attends the poor or charity school established at *Hillsborough,* in said county, the trustees of which school are to receive from my trustees the aforesaid appropriation, in payments at every six or twelve months, and appropriate the same in the manner I have now willed." This provision was to be enlarged in the event of his daughter's death, or marriage without consent of his trustees, &c. In another clause of the will he declares, "I will, that if at any future period any of my relations should require assistance to be supported, clothed and educated, that my trustees, in virtue of this will, shall give the preference to them; either in the county of *Caroline,* in the state of *Maryland,* or the city of *Baltimore,* or in any other place; they shall attend to their wants as aforesaid, in preference to all others." The testator died before the 18th of May 1805. The answers of the defendants insist that the relators are not entitled to relief, and that the devise is void in law. The decree being in favour of the relators, the defendants appealed to this court.

The cause was argued at the last June term, before BUCHANAN, EARLE, MARTIN, and STEPHEN, J.

*Taney, Winder* and *Murray,* for the appellants, contended, 1. That the will of *Corrie* contained no devise for the benefit of the relators. 2. That if the will be intended for the benefit of the relators, yet they were not capable in law to take the same. 3. That the devise was void for uncertainty, and could not be supported as a devise to a charitable use.

1. They argued that the relators were a corporate body, and the inquiry was, Were they the object of the devise? Whether a devise for the benefit of "the poor children of *Caroline* county, which attends the *poor* or *charity school* established at *Hillsborough,* the trustees of which school are to receive," &c. is a devise to the relators? Are the relators sufficiently named so as to claim the devise? A school was incorporated by the act of 1798, *ch.* 33, by the

style of "*The Trustees of Hillsborough School in Caroline county;*" and the devise is to the poor children who attend the poor or charity school at *Hillsborough*, to be administered and appropriated by the trustees of a certain school. The trustees of *Hillsborough* school are not the trustees of a poor or charity school. The object of the testator was to benefit a charity or free school, and the claimants are not the trustees of a charity or free school. There may be a school which would answer the description used in the devise; but if there be none, then the devise would lapse. The parties claiming should bring themselves within in the description of the will. The devise is claimed by a corporation, and under a will, said to refer to them in their corporate capacity. The corporate name is the essence of the corporation—it is the corporation itself. *2 Bac. Ab. tit. Corporations*, (A) 2. (C) 4, (C 2,) 6. *2 Blk. Com.* 474. 10 *Coke*, 125. A devise to a corporation must be made to it in its corporate name. The name may be supplied, if it is expressed by words synonimous. *2 Bac. Ab.* tit. *Corporations*, (C) 5, (C 2,) 7. 11 *Coke*, 21. Here the corporation name is not so sufficiently set forth that the court can say the testator intended no other. The case of *The Chancellor, &c. of Oxford*, 10 *Coke*, 57, was sustained under the statute, 43 *Eliz. ch.* 4, for charitable uses. Some of the cases go upon the ground that an ancient corporation may acquire a name by reputation. *2 Bac. Ab.* tit. *Corporation*, (C 3,) 7. And there are cases where the statute 43 *Eliz.* was necessary to cure the defect of a devise to a corporation by a wrong name. *Duke on Charitable Uses*, 379, 380, 506. So also in *The Hager's Town Turnpike Company vs. Creeger, ante* vol. 5, 122, where, in a subscription to the road, the style of the incorporation was *The President, Managers,* &c. and the form used omitted the word *President*, and this court held it was sufficient without that word. There the omission of the word *President* left enough to show and distinguish the corporation from all others; but that is not the case here. The additional acts of assembly, passed since, respecting this corporation, can have no influence on the case. *2 Bac. Ab.* tit. *Corporations*, (E 1,) 10.

2. If the corporation be sufficiently described, it is not capable of taking under the devise in the will. A corporation is a creature of the charter which gives it being,

1823.

Dashiell
vs
Attorney General

and it is restricted within the bounds given to it, and has no capacities but those which the charter confers upon it. 2 *Bac. Ab.* tit. *Corporations*, (D) 9. (E 3,) 13. 12 *Coke*, 120. 3. *Mod.* 14. A corporation has no right to take and hold property, except in the manner pointed out in the charter. 2 *Bac. Ab.* tit. *Corporations*, (E 3,) 13. The charter of this corporation is limited to $2000 yearly value, which they may take by gift, but in no other way than for the benefit of the school generally. Here. the fund devised by the will, is to be applied in the manner pointed out in the devise, and not to the purposes which the trustees may consider for the benefit of the school generally. It is a devise for the benefit of a *portion* of the scholars of the school—a certain description of poor children. This is not within the view of the charter, but is a devise for an object *dehors* that of the school, and is not compatible with the powers granted by the charter. *Wilmore vs. Woodroffe*, *Ambl.* 636. The trustees could not appropriate the devise in a different mode than that pointed out by the testator. We have no *cy-pres* doctrine here. A devise is void which gives a latitude of discretion to the trustees. *Morice vs. The Bishop of Durham*, 10 *Ves.* 541. The act of 1798, *ch.* 33, equally with the statute of *Elizabeth*, defines the object of charity. No other can be given than by that act. The trustees cannot apply it within the act of 1798, without violating the intention of the testator. The court cannot separate the devise, if part of it is within the statute. There is no rule by which it can be separated as to the portions for feeding, for clothing, and for educating. The court cannot divert the whole to the purposes of education; they cannot sever that which is intended as a unit; the whole therefore must fail. A good use is to be preferred to a superstitious use; and if the one depends upon the other, the bad use contaminates the other. *Duke* 469. 4 *Coke*, 115. *Attorney General vs. Whorwood*, 1 *Ves.* 539. *Chapman vs. Brown*, 6 *Ves.* 403. The *Attorney General vs. Davies*, 9 *Ves.* 535. These cases show, that if a void devise is connected with a good devise, both are void. The trustees cannot claim the bequest under the trust for any purposes connected with the objects defined in the charter. They are incapable of such a trust, and cannot be trustees for any purpose; if they can, then the *cestui que trust* be-

ing uncertain, as in the case of *St. Peter's* church, they must fail.

3. The objects of the trust are not so certain and definite as to admit of no doubt. Who are the poor children who attend the school? This is too vague, and gives no clue by which they can be ascertained. This question has already been argued in *Dashiell, et al. vs. The Attorney General*, (*ante*, vol. 5, 392.) A corporation cannot be executor. 1 *Blk. Com.* 504. They cannot be trustees. *The Baptist Association vs. Hart's Ex'rs.* 4 *Wheat.* 31. A use at common law is what a trust is now under the statute of uses. 1 *Coke*, 122. A corporation cannot be seized to the use of another. 2 *Bac. Ab.* tit. *Corporations*, (E) 11. *Gilb. Uses & Trusts*, 5. Bodies politic are not capable of a use or trust for the benefit of others. They cannot be seized of a trust different from what their charter embraces. If the charter gave them a right to be trustees for others, it could not be legal, because there is no mode of enforcing the trust. This is the clear doctrine of the common law. The statute of *Elizabeth* overturned the common law principle, and permitted corporations to hold in trust for charitable uses, though no such power is given by their charter. But if that statute has not been introduced here, then the principle remains as at common law. 2 *Bac. Ab.* tit. *Corporations*, 11. This devise is in perpetuity to the poor children of *Caroline* county. The fund is locked up for ever by the will of the testator, and there is no power of alienation. It is therefore inconsistent with the policy of the law. *Gilb. Uses & Trusts*, 119, 120, 168. 2 *Blk. Com.* 77, 120. A corporation cannot give perpetuity to an object not within the charter. *Christ's College, Cambridge*, 1 *Wm. Blk. Rep.* 91. The testator says that his own poor relations are to be preferred. The cases cited show who they are. The daughter of the testator will then come in if the charity is established.

*Harper* and *R. Johnson*, for the appellee, contended, 1. That the corporation was sufficiently designated in the will. There is nothing in the act of incorporation of 1798, ch. 33, to show that it is not a charity school. The preamble of the act states that it is to endow a school; and as there was no other school then established at *Hillsborough*, or in *Caroline* county, the testator evidently meant the trustees

1823.

Dashiell
vs
Attorney General

1823.

Dashiell
vs
Attorney General

of this school. It is not necessary to describe precisely the corporate name either in a deed or a will—many omission of words may be supplied by averments. The bill in this case states the school to be a charity school, and that it was the one alluded to by the testator. This is not denied in the answers; and the accounts exhibited by the executors under the will, show that money was paid by them to the trustees of this school. There is no doubt then of the identification; and the trustees say, that poor children do attend that school as a charity school. The school was endowed by private donations, showing it was intended for charitable purposes. The acts of 1806, *ch.* 25, *s.* 3, 1807, *ch.* 32, and 1810, *ch.* 109, evince at least a legislative construction that it was a charity school. The decision in *The Hager's Town Turnpike Road Company vs. Creager,* went upon the ground of there being no other company of a similar name. Here there was no other school which could possibly answer the description. The court can judicially notice that there was no other incorporated school at *Hillsborough,* or in *Caroline* county, as was done in 11 *Coke,* 21, that there was but one Bishop of *Norwich.*

2. The trustees are capable of taking under the devise: for the purpose contemplated. One of the incidents of a corporation is to take and hold property; and the power of perpetual succession, &c. 1 *Blk. Com.* 502. Supposing it a charity school, the poor children must be fed and clothed, as well as educated; and this comes within the terms of the powers of the trustees under the charter. These are the very children to whom the testator's bounty is to be applied. The charter gives the trustees unlimited control over the funds, to be appropriated by them at their discretion. There is nothing in the language of the bequest which is inconsistent with the charter. The trustees have authority to educate the poor children. Can it be said that, because directions to feed accompany the direction to educate, that the last direction is void? If the poor children could not be educated unless they were fed and clothed, then they must be fed and clothed; and if they could, then why not appropriate the whole fund in educating them? If these views are correct, it is wholly unnecessary to answer any of the other objections which have been urged. The bequest is certain in saying the poor

children attending the school. It means those whom the trustees permitted to go to school, without paying for their education; and is similar to the case in *Duke*, 361. The doctrine of perpetuity is not applicable to a corporation. This is a devise to a corporation for the benefit of a certain description of poor children; and is a devise in trust. 2 *Bac. Ab.* tit. *Corporations,* 6.

1823.
Dashiell
vs
Attorney General

*Curia ad. vult.*

At this term, the opinion of the court was delivered by

EARLE, J. After much reflection on this case, we think it not essentially different from the case of *George Dashiell and others, against the Attorney General, at the relation of the Vestry of St. Peter's Church in the city of Baltimore, and others,* adjudicated in this court at the last June term*(a),* and that it must be decided on the same principles.

The testator, by his will, directs the trustees and guardians of his child, to pay over annually a certain portion of the income of his estate to the trustees of *Hillsborough* school, to be by them applied towards feeding, clothing and educating, the poor children of *Caroline* county, in the state of *Maryland,* which attends the poor or charity school established at *Hillsborough,* in the said county.

The poor children of *Caroline* county, in the state of *Maryland,* which attends the poor or charity school established at *Hillsborough* in the said county, are the objects of this bequest, and if it had been immediately to them, the question might be made, to whom should the executor of the deceased have paid it, or by whom would the suit be brought either at law or in equity, if he refused to pay it? With the best intentions to fulfil the wishes of the testator, it would be difficult, in such a case, for an executor to perform his duty, and at last he would certainly find it a trust not capable of execution. His dispositions to do right might take him to the *Hillsborough* school, to make his payments, but when there, he would be at a loss to determine who were the poor children of *Caroline* county attending that school. The poor children of a county or congregation, or a school, are not susceptible of ascertainment; and when such terms are used in wills as a *designatio personæ,* they have always been determined in-

*(a) Ante,* Vol. 5, 392.

1823.

Dashiell
vs
Attorney General

sufficient, and the devise or bequest, intended to be created by them, to be void for uncertainty. *Powell on Devises*, 419. The difficulty in the case supposed, would yet be greater, if an attempt was made to enforce the bequest against the executor, either in a court of law or in a court of equity. What children of *Caroline* county, attending the *Hillsborough* school, could assume to themselves the title of "the poor children which attend that school;" and if assumed by any individuals, by what conceivable standard of proof could they establish their right to the designation?

In the case before us, the bequest is, to the poor children of *Caroline* county which attend the poor or charity school established at *Hillsborough* in that county, as *cestui que trusts;* and a question further arises, whether the interposition of trustees makes the bequest good, which as an immediate and direct bequest, would be void for uncertainty? This question, it seems to us, may be answered, by suggesting the same insurmountable obstacles to the executing and enforcing the trust, as exist where the bequest is immediate to persons doubtful and uncertain. The terms used by the testator are too indefinite to point out to the trustees the objects of his bounty, or to designate the persons who are to enforce the trust; and if the trust in such a case would not result for the use of others, it is manifest the trust fund would of necessity become the property of the trustees. The fund established by the testator is a perpetual fund, intended by him to supply an income, not only to the poor children of *Caroline* county who, at the time of his death, attended *Hillsborough* school, but for the benefit of the poor children of *Caroline* county, who should in succession attend that school, and this forms another unanswerable objection to the testamentary disposition we are considering. The poor children of *Caroline* county which attend the *Hillsborough* school, are not a body corporate, and cannot take in succession, and the bequest, if otherwise good, must fall, as soon as the first objects of the testator's beneficence ceased to attend the school.

It is needless to pursue this subject further, or to examine points which were discussed on the argument as peculiar to this case. Our decision must be governed by the adjudication already mentioned, and to it we refer for the

principles on which we reverse the judgment below, and are of opinion that the benefit of the undisposed subject of the trust results to the next of kin to the testator.

DECREE REVERSED.