## Case No. 1,014.

BARNES' HEIRS v. BARNES et al.

[3 Cranch, C. C. 269.] [1]

Circuit Court, District of Columbia.    Dec. Term, 1827.

TRUSTS—UNCERTAINTY — STATUTE OF CHARITABLE USES.

1. A devise in trust, to lay out $200 a year in wood, meal, and clothing, to be distributed among the poor and necessitous widows and orphans within the corporation of Georgetown, is void for uncertainty.

2. The statutes of mortmain are in force in Maryland, but the statute of charitable uses (43 Eliz. c. 4) is not, and was not when the county of Washington was separated from the state of Maryland.

3. If either the object of a legacy, or the person of the legatee or cestui que trust, be so uncertain that no one can show a title to claim the legacy, or to enforce the execution of the trust, the legacy and trust are void; even in case of an executory devise. If it be an executed, not an executory devise, it is void if there be no person competent to take at the death of the testator. An executory devise is void, if it be not necessarily to be executed within a life in being at the death of the testator, or within twenty-one years thereafter.

In equity. This was a bill in equity by Hannah and Susan Duryee, the heirs of John Barnes, late of Georgetown, D. C., against his executors and the corporation of Georgetown, to set aside certain legacies and trusts, given and created by his will. The will is dated 12th March, 1825, and the testator died on the 12th of February, 1826.

After providing for the payment of his debts and funeral expenses, manumitting his two negro women, Abigail and Nelly, providing them with an annuity and bequeathing them some small articles, and making a few specific bequests to some of his friends, he devises and bequeathes all the residue of his real and personal estate to his executors, in trust, for the purposes expressed in the will; with power to sell absolutely, and convey the same, and to invest the proceeds in stocks, at their discretion; with power again, from time to time, to sell and reinvest, &c., to answer the trusts and purposes of his will, as they should "think best, and most for the advantage of his estate, and the parties interested therein, and the objects contemplated by" him. And further, upon trust, to pay out of the interest and yearly dividends, or produce to arise from his estate, the annuities thereinbefore and thereinafter mentioned.

1. He then says:—"1. And I do will and desire that the sum of $200 per annum be yearly, and every year forever hereafter, expended by my executors, or trustees for the time

[1] [Reported by Hon. William Cranch, Chief Judge.]

being, out of the yearly interest, dividends, and produce of my estate, in wood, meal, and clothing, and that the same may be distributed by them, at the most suitable season of each and every year, amongst the poor and necessitous widows and orphans within the corporation of Georgetown."

From the preceding items of bequest it will be perceived, "that no provision is made for Hannah and Susan Duryee, the two daughters of my late grandson, George Clinton Duryee; and I have come to the conclusion of not suffering them, and their stepmother, Hannah Duryee, to partake of my estate, as I had intended they should, and had provided in my will of September last; first, because," &c., stating his reasons at large.

2. "And should my estate, in the course of a few years, after paying the several· stipulated sums and charges hereinbefore made thereon, and all expenses attending the same, be such as to enable my executors to extend their views and my wishes to an object of ·great consideration, namely:—It has often occurred to me that the time was not far distant, (indeed it has already become urgently necessary,) when a poor-house, or bettering-house, for this county or town, (it matters not by what name denominated,) should be established; and, if proposed through the honorable and respectable corporation of Georgetown, I doubt not it would be ultimately successful, and thereby a good foundation would be laid towards perfecting a useful and meritorious work, worthy the enlightened, benevolent, and opulent inhabitants of the district and its vicinity, and the humane at large, of contributing to the comfort and improvement of the suffering objects of such institutions: Whenever any progressive proceedings towards such an end become certain and conclusive, a sum, not exceeding $1,000, as occasionally wanted and demanded, I freely bequeathe towards its establishment; and I do direct my executors, having regard to the bequests hereinbefore contained, to pay the same to the authorities having power and right to receive the same, for such a purpose."

3. "And as to the surplus annual proceeds of my estate, which may not be wanted for the purpose aforesaid, I do request my executors, and trustees for the time being, either to suffer the same to accumulate, and to invest the same from time to time, in bank or other stock, or, in their discretion, to distribute the same annually, or otherwise, amongst such of the poor and needy as may be deserving of the same, either in gifts of money or provisions, fuel or clothing, as my executors, or trustees for the time being may think best, and as they may suppose I would myself have given, or disposed of the same, if living."

4. "And as the establishment of a poor-house, hospital, or bettering-house for this county or town, is an object very near my heart, I do direct that if my executors, or trus-tees for the time being, shall, in the exercise of the discretion hereby vested in them, suffer the surplus annual proceeds to accumulate, then I give one other $1,000 out of such accumulations, in addition to what I have hereinbefore directed to be applied to that purpose, as aforesaid, in further aid of the establishment and maintenance of such poor-house, hospital, or bettering-house; but neither of such bequests is to be paid or applied until my executors, or trustees for the time being, shall perceive that such proceedings have been begun as will render the final accomplishment and completion of the said poor-house or hospital reasonably certain.

"And when the said several annuitants hereinbefore named shall die, and their said annuities shall sink into my estate and determine, I do hereby direct that my said executors, and trustees for the time being, do and shall stand and be possessed of the whole of the said trust-funds, then unapplied and undisposed of, in trust, to apply and dispose of the whole of the annual proceeds and dividends thereof, in such charities as are hereinbefore mentioned, and so as my desire, as hereinbefore expressed, for and towards the relief of the poor and distressed, and the establishment and maintenance of a poor-house, hospital, or bettering-house may be effected and fully accomplished.

"And I do direct that no part of my estate may be applied to any other than charitable purposes, and to such charitable purposes and objects as I have in this my will named, or as nearly thereto as may be; and that the same purposes may be carried on and continued forever."

After giving $100 to each of his two executors, Mr. Burnett and Mr. English, and rings to several of his friends, and providing for the expenses of· the trust, he says:—

"And in order that the trusts, purposes, and charities of this my will may be perpetuated, and forever kept alive and in being, I do hereby direct that whenever either of them, the said C. A. Burnett or David English, shall die, the survivor do and shall immediately associate with himself some proper and respectable inhabitant of Georgetown, to act with him in the said trusts of this my will, and shall, by proper deeds," &c., "convey and assign the said trust property," &c. "And I do direct that the same course may be taken from time to time, whenever any one of the trustees for the time being shall die," &c., "so that the said trusts and charities may forever be preserved and kept alive, and not fail for want of a trustee or trustees at any time or times hereafter."

Mr. Marbury, for the plaintiffs, contended that the trusts for the distribution of "wood, meal, and clothing among the poor and necessitous widows and orphans within the corporation of Georgetown," was void for uncertainty, as to the objects of the bounty. So also the two legacies of $1,000 each, towards

"the establishment and maintenance of a poor-house," and the trust to distribute the annual income of the residue of his estate "among such of the poor and needy as may be deserving of the same;" and that the executors held the same in trust for the testator's heirs, and next of kin. He contended, also, that the English statutes of mortmain are in force, but the statute of charitable uses of 43 Eliz. c. 4, is not in force in Maryland, and in this county; and cited Morice v. Bishop of Durham, 9 Ves. 399, 404–406, and 10 Ves. 522, 527, 528, 535, 537, 543; Pow. Dev. 418, 419; Widmore v. Woodroffe, Amb. 636; Trippe v. Frazier, 4 Har. & J. 446; Dashiell v. Attorney General, 5 Har. & J. 398; Trustees of Phila. Baptist Ass'n v. Hart's Ex'rs, 4 Wheat. [17 U. S.] 1, 33; Case of Charitable School at Hillsborough, [Dashiell v. Attorney General,] 6 Har. & J. 1–4; 4 Com. Dig. 146, tit. "Devise," K. At the time of the death of the testator, the corporation of Georgetown had no authority to raise money to build a poor-house, or even to support the poor of the town, nor were they bound to support them. It obtained such authority afterward, but that does not help their case. It was necessary that there should be a competent cestui que trust at the time of the testator's death. Trustees of Phila. Baptist Ass'n v. Hart's Ex'rs, 4 Wheat. [17 U. S.] 1; Godol. Leg. p. 290, § 2; Id. p. 444, § 4; Mann v. Mann, 14 Johns. 13; Attorney General v. Davies, 9 Ves. 546, 547; Chapman v. Brown, 6 Ves. 407, 410, 411; Declaration of Rights of Maryland, art. 3; Landholder's Assistant, 42, § 12; 32 Hen. VIII. c. 1; 34 Hen. VIII. c. 5; 43 Eliz. c. 4; 2 Bl. Comm. 375, 376; Chitty v. Parker, 2 Ves. Jr. 271; Pickering v. Stamford, 3 Ves. 492, 493.

Messrs. Key and Dunlop, for the corporation of Georgetown, contended that the testator's declaration that the plaintiffs should not have any part of his estate was a disposition of it, so as to exclude them as next of kin. That the statutes of mortmain were only applicable to conveyance of land, and non constat that the corporation of Georgetown, would, under this devise, purchase land to build a poor-house upon. That the bequest of funds for that object was not to take effect at the death of the testator, but only when "in the course of a few years" his estate should be such as to enable his executors to extend their views to the object. That in the mean time the corporation, by an amendment of their charter in May, 1826, obtained the power to raise money for the support of the poor, and thereby became competent to receive the legacy. That the trust cannot result to the next of kin contrary to the declared will of the testator. That if one object of the trust fail, the whole will result to any other valid object, by force of the concluding residuary devise. That if the corporation was not competent to take the legacy for the poor-house, yet the levy court of the county, whose duty it was to provide for the poor, had a right to receive and apply it, to the exclusion of the next of kin. Pow. Dev. 320, 323, 336, 422; Godol. Leg. p. 277.

CRANCH, Chief Judge. The complainants contend that the charitable trusts, intended to be created by this will are void for uncertainty, and that the defendants (the executors) are trustees for the complainants (who are heirs at law, and next of kin to the testator,) as to all the property of which the testator died intestate.

1. The first of these charitable trusts, is to lay out $200 a year in wood, meal, and clothing, to be distributed among the poor and necessitous widows and orphans, within the corporation of Georgetown. This trust seems to be admitted by the defendants to be void, under the authority of Trippe v. Frazier, 4 Har. & J. 446, and Dashiell v. Attorney-General, 5 Har. & J. 398, and I am of the same opinion. I think those cases are decisive, that the statute of Elizabeth (of charitable uses) is not in force in Maryland; and was not at the time of the separation of this part of the district from that state.

2. The second charitable trust is, that if the testator's estate, in a few years, should be such as to enable his executors to extend their views to a poor-house for the county or town; and any "progressive proceedings towards such an end should become certain and conclusive," he bequeathes "a sum not exceeding $1,000 as occasionally wanted and demanded, towards its establishment," and he directs his executors "to pay the same to the authorities having power and right to receive the same for such a purpose;" and he, afterwards, in case his executors should suffer the annual proceeds of his estate to accumulate, gives another sum of $1,000, out of such accumulations, to be applied to that purpose, in further aid of the establishment and maintenance of a poor-house; "but neither of such bequests is to be paid or applied until his executors shall perceive that such proceedings have been begun as will render the final accomplishment and completion of the poor-house reasonably certain." The corporation of Georgetown, who are made defendants to this bill, claim these two legacies of $1,000 each, and contend, that if they were not bound to support the poor of the town at the time of the death of the testator, yet they are now bound to do it, by an alteration of their charter; and, as incidental to that duty, they have power to build a poor-house; and have passed a by-law for that purpose, to which they refer in their answer; and they aver that such proceedings have been begun as render the final accomplishment and completion of the poor-house reasonably certain. The corporation of Georgetown also claims all the residue of the proceeds of the estate after the death of the annuitants Abigail and Eleanor, on the ground that all the other

charitable trusts are void for uncertainty, and the testator has clearly expressed his intention and will to be, that the whole proceeds of his estate should be expended in such charities as he has named, or as near thereto as may be; and that if some of the trusts are void, the good ones shall take the whole fund. The statute of charitable uses (43 Eliz. c. 4) never was in force in Maryland. Trippe v. Frazier, 4 Har. & J. 446; Dashiell v. Attorney General, 5 Har. & J. 398, 403, and 6 Har. & J. 1. The English decisions, therefore, upon that statute are not applicable to the present case. The peculiar doctrines of the English law in regard to charitable devises, are founded altogether upon that statute. Trustees of Phila. Baptist Ass'n v. Hart's Ex'rs, 4 Wheat. [17 U. S.] 33–48. This case, therefore, must be decided as an ordinary case of legacy and trust. If either the object of the legacy, or the person of the legatee, or cestui que trust, be so uncertain that no one can show a title to claim the legacy, or enforce the execution of the trust, the legacy, or the trust, is void, even in the case of an executory devise.

If the bequest for a poor-house is to be considered as an executed, not an executory, devise, it is void or lapsed, because there was no person competent to take, at the death of the testator. If it be an executory devise, it is also void, because it is not necessarily to be executed within a life in being at the time of the testator's death, or within twenty-one years thereafter. There is no limit to the time of its execution. The trust was to continue forever; and an hundred years might elapse before there should be "authorities having power and right to receive the same for such a purpose," and before "such proceedings shall have been begun as will render the final accomplishment and completion of the said poor-house or hospital reasonably certain." The time may never come, and yet the next of kin will be deprived of the property.

The same reason applies to the trust to dispose of the whole of the annual proceeds of the residue of his estate, in such charities as were thereinbefore mentioned, &c., and I think it is equally void for uncertainty.

I am, therefore, of opinion, upon the whole, that these charitable bequests are all void, and that the complainants are entitled to the relief which they have prayed.

THRUSTON, Circuit Judge, concurred. MORSELL, Circuit Judge, did not give an opinion.

Decreed, that all these charitable trusts and bequests are void, and that the executors and trustees shall invest $1,750 in the six per cent. stock of the corporation of Georgetown, in the names of the executors, to pay the annuities to Abigail and Eleanor, and after their death shall transfer the stock to the complainants, and shall transfer all the residue of the estate to the complainants immediately, in equal parts.

No appeal was taken.