Mr. Justice MacArthur
delivered the opinion of the court:
The general intention of the testator in the interpretation of his will is to prevail, even if it becomes necessary to disregard some of the special details for carrying it into execution. In the present instance the obvious design of the deceased was that his entire estate should go to the enjoyment of his four children and their issue, and the property is to take no other direction until said children and their legal descendants shall become wholly extinct. It is only in that *200 event happening at the expiration of twenty years after his death that the devise over to the city of Washington is to take effect. The purpose of the decedent is equally clear in creating the trust estate. It was necessary in order to support the two annuities and the executory devise to the mayor and common council of the city of Washington. The trustees by the will and codicil were authorized to dispose of the unimproved real estate if they saw fit, and to re-in vest the proceeds for the benefit of the estate, and upon the same trusts as the other property. These are undoubtedly the general purposes for which the trust is created, and the case shows that they have all been executed conformably, to the wishes of the testator as far as they are legal and valid. The only object of the trust that has not been exhausted is the limitation over to the city.
It is now well settled that there is no objection in law to a municipal corporation taking a devise of real and personal estate for a charitable use. When the corporation has a legal capacity to take real and personal estate, then it may take and hold it upon trust in the same manner and to the same extent as a private person may do.” Vidal vs. Girard, 2 How., 127. The statutes of Henry VIII respecting wills, and which declare that corporations shall not take by devise, have never been in operation in the State of Maryland, from which we largely derive our statute law, or adopted into the law of this District, so that the validity of the devise is not affected' thereby. It may well be questioned whether the devise now under .consideration would be good as a charitable gift, within the meaning of 13 Eliz., even if it were made to an individual. It has, however, been adjudicated in the State just mentioned that this statute has never been in force there, and consequently has never been in force in the District of Columbia. Dashill vs. Attorney-General, 5 H. & T., 392; Same vs. Same, 6 H. & J., 1; Wilderman vs. City of Baltimore, 8 Maryland, 551. And the same authorities conclusively show that a devise like the one in this case is too vague and indefinite to be enforced$ and it cannot be supported as a charitable devise by any aid to be derived from the statute last referred to. A practice is, however, recognized in chancery to construe charitable gifts and to *201 administer them upon principles analogous to its provision. Whitman vs. Lex, 17 Serg. & Rawle, 88. And this doctrine has been sanctioned and acted upon by the Supreme Court of the United States. Vidal vs. Girard, supra; Perin et al. vs. Carey et al., 24 How., 465. But it must be conceded in this case that it can derive no aid from this conservative rule, for here the trust is too vague and uncertain to be carried into effect whether chancery has jurisdiction under the statute, or upon some principle of practice analogous to that contained in its provisions. It is not competent to compel either individuals or corporations to execute a trust of this character, which is not sufficiently defined in the instrument creating it. The testator makes the devise to the city “to establish and endow a house of refuge for destitute reputable females.” This is too vague. No means are suggested by which they can by possibility be ascertained. The locality is not stated from which the objects of this bounty are to be selected, whether from the city or District, or from a particular State, or from all the States, or from the world at large; nor is any method pointed ont by which to establish the right of destitute reputable females to that designation. The devise to the city as well as the annuities are out of the way, and all the unimproved real estate has been disposed of, so that all the objects of the trust appear to have been accomplished as far as they legally can be, although the period for its termination has not yet arrived. The only lawful purpose for which it can now be permitted to remain is to postpone the division of the property until the expiration of the twenty years. But we have just seen that the objects for which this term is ordained are wholly exhausted, and the court will not extend the trust further than is necessary to support those of its purposed which are valid in law. Nothing remains now but a naked authority to be exercised by the trustee to collect the rents and profits of the improved estate and to distribute the surplus thereof that may remain, after deducting commissions and expenses, among those who would receive it without such intervention, as the next of kin and heirs at law of the deceased. It may well be inferred that he had no intention that the trust should ever be used to carry out such an unprofitable pur *202 pose. By this contrivance the estate at present yields a revenue wholly inadequate to its value, and much of this revenue is consumed by incidental expenses. The devisees are also the heirs at law, and it is manifestly for their interest that this cumbrous method of managing the property should be terminated if the law will permit it. As the objects of the limitation are exhausted or incapable of execution,, an opportunity is thereby afforded of accelerating the general purpose of the deceased to invest his children, who are all of age, with the full enjoyment of his estate. There is no other devise or different direction of the inheritance, and there is no intervening interest to be disturbed by the present division of the estate. This construction goes to confirm the title of the heirs at law, and each will take precisely the same estate which is devised in the will, and which each would be entitled to if there was no will in existence.
For these reasons we are of opinion,that the prayer of the bill in this respect'should be allowed and the estate distributed without further postponement.