The Henry Watson Children's Aid Society of Baltimore City, and The Maryland Industrial School for Girls *vs.* Robert Johnston, Executor of John A. Gambrel, deceased, and others. The Society for the Protection of Children from Cruelty and Immorality, of Baltimore City *vs.* Same. The House of Reformation and Instruction of Colored Children *vs.* Same.

*Will—Residuary clause—Beneficiaries undesignated and uncertain—Next of Kin.*

The residuary clause of a will, provided as follows: "Whatever balance, if any, shall remain after payment of my debts and all necessary expenses, I direct my executor to divide proportionally between benevolent associations of this City, for the benefit of white and colored children." On a bill filed by the executor to obtain a judicial construction of said clause, it was Held:

1st. That said clause was void; first, because the benevolent associations to which the testator referred, were not named or designated in the will; and second, because the beneficiaries for whose use the gift was intended, were undefined and uncertain.

2nd. That the next of kin of the testator were entitled to the fund.

Appeals from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was submitted to Bartol, C. J., Stone, Miller, Alvey, Robinson, Irving and Ritchie, J.

*S. D. Schmucker, Charles E. Phelps,* and *E. Otis Hinkley,* for the appellants.

The Maryland cases do not throw much light on this question, if the following be referred to—*Dashiell vs.*

*Attorney-General,* 6 *H. & J.,* 1; *Trippe vs. Frazier,* 4 *H. & J.,* 446; *Wilderman vs. The Mayor, &c. of Baltimore,* 8 *Md.,* 551; *Domestic and Foreign Miss. Soc. vs. Reynolds,* 9 *Md.,* 341; *Needles vs. Martin,* 33 *Md.,* 618.

In no one of them did the question arise as to the validity of a gift to a *corporate* body, definitely named or sufficiently identified, by reference to a *class* including it. As to a misnomer of a corporation it is well held that it would not vitiate. *Vansant vs. Roberts,* 3 *Md.,* 119. Also a gift to a *class of individuals* is good if they *can be ascertained.* *Thompson vs. Young,* 25 *Md.,* 450; *Chase vs. Lockerman,* 11 *G. & J.,* 205.

It is said, generally speaking, every person who at the time of the testator's death falls within the described class of children, will be entitled. The inquiry then is narrowed down to this, can the bodies corporate entitled to take under this gift be *ascertained?*

The *opinion* of the Circuit Court seemed to be that the Court had no power to take any steps to ascertain who were entitled—and to "a suggestion made at the *bar,* that the Court may advertise for claimants," it is asked "where does the Court get such power?" The answer is by analogy to the power it has to advertise for unknown heirs; or take testimony to ascertain any fact, necessary in the course of any judicial investigation, and particularly under Art. 93, sec. 143, and the uniform practice thereunder of giving public notice by advertisement of the day appointed for meeting of legatees, &c.

The doctrine that *extrinsic evidence* may be adduced to ascertain the subject-matter or object of a gift in a will, would seem to apply here. That Courts have a right to do this is clear in Maryland. *Young vs. Twigg,* 27 *Md.,* 628; *Walston vs. White,* 5 *Md.,* 297, 304; *Vansant vs. Roberts,* is a case in which it was done.

In other States the rule is clear that such a gift is good.

The precise point not having been as yet decided in Maryland, as to *corporations*, it is respectfully submitted that if the *corporations* intended can be ascertained, there is nothing hitherto decided in Maryland, and nothing in reason or public policy, to prevent such gifts as contained in this will from being held good. A distinction is to be taken between the words used in *Dashiell vs. Attorney-General*—namely, "*the poor children,*" &c., as applied to an indefinite class of individuals, and the words "benevolent associations" as applied to a definite class of corporations, because these words are the identical words used in the new Code of Maryland, page 316, in describing and thus defining the first class of corporations which may be formed so as to be capable in this State to exercise the franchises therein mentioned, among which is this very right to take and hold property. Page 320.

Is it not sufficient for the purpose of showing the right of a certain corporation to be formed and to exist as a corporation under the Code, to show by its Act, or certificate of incorporation, or other proper evidence, that it properly comes within the class termed "Benevolent Associations?" and if the right to *exist* is to be so determined, does it not logically follow that its *other rights* are to be ascertained and determined in like manner, and among them its right to acquire property by the description used, being the proper technical designation prescribed by law, for a certain class of corporations?

*A. F. Musselman*, for the appellee, Robert Johnson, the executor.

*Henry Shirk, Jr.*, and *W. Burns Trundle*, for the appellees, Mary Scott and others, next of kin.

BARTOL, C. J., delivered the opinion of the Court.

These appeals are from the decree of the Circuit Court of Baltimore City, which declared the residuary clause in

the will of John A. Gambrel, deceased, to be void, and awarded the fund to the next of kin of the deceased.

The clause of the will in question, is as follows: "Whatever balance, if any, shall remain, after payment of my debts and necessary expenses, I direct my executor to divide proportionally, between benevolent associations of this city, for the benefit of white and colored children."

The appellee, who is the executor named in the will, proceeded with the administration of the estate, consisting entirely of personalty, and after paying the expenses of administration, and the several pecuniary legacies bequeathed by the will, has in his hands a balance of about $13,000, which will pass under the residuary clause if the same be valid. The executor being in doubt as to the true construction and effect of the residuary clause, filed his bill, praying that the same may be construed by the Court, and that it may be determined who is entitled to receive the balance remaining in his hands.

The four incorporated benevolent institutions, which are the appellants above named, were made parties defendants—as were also certain persons claiming to be next of kin of the testator. Answers were filed and general replication.

It appears by the agreement of the solicitors, and also from the charters produced, that the appellants are duly incorporated, and the objects and purposes of their creation were also admitted. They are, as their names import, established for charitable and benevolent objects, for the benefit of the children confided to their care, and are capable in law to receive and hold property, for the purposes of their charters, and claim to be entitled to receive in equal proportions, the residuary fund under the will.

Whether they, or any of them, are the "benevolent associations" intended by the testator, does not distinctly appear, and we are constrained to say that under the well settled law of this State, and the repeated decisions

of this Court, the benevolent intentions of the testator thus vaguely expressed, cannot be carried into execution.

There are several objections fatal to the validity of the residuary clause. The benevolent associations to which the testator refers, are not named or designated in the will. The bequest is in the most vague and general terms; it is "to benevolent associations of this city," without designating by name or otherwise the associations which are to take.

Not only are these altogether uncertain, but the beneficiaries for whose use the gift was intended are undefined and uncertain;--it is declared to be "for the benefit of white and colored children." Such a trust could not be enforced in a Court of equity, for the objects of it are not defined, and the persons for whose benefit it was intended are uncertain, it is therefore void, as has been repeatedly decided by this Court. *Dashiell vs. Att'y-General,* 5 *H. & J.,* 392, and 6 *H. & J.,* 1; *Wilderman's Case,* 8 *Md.,* 551; *Needles vs. Martin,* 33 *Md.,* 609; *The Church Extension, &c. vs. Smith, &c.,* 56 *Md.,* 362, and *Rizer & others vs. Perry & others, supra,* page 112.

The learned Judge of the Circuit Court was clearly right in deciding that the residuary clause of the will is void, and that the next of kin of the testator are entitled to the fund; and there being no question or dispute as to the parties entitled as next of kin, the decrees of the Circuit Court will be affirmed, and the cause remanded.

*Affirmed and remanded.*

(Decided 3d March, 1882.)